OPINION OF THE COURT
Loren N. Brown, J.
This proceeding has been commenced pursuant to CPLR article 78 to compel the respondent to perform his duties as Sheriff of the County of Saratoga. The proceeding was commenced by an order to show cause but without a verified petition.
The petitioner was granted an order by the Family Court for the County of Albany directing the entry of a judgment against her husband for arrears for child support. The order recited that the support provisions could be enforced pursuant to CPLR 5241 and 5242. The petitioner’s attorney prepared an income execution by amending a form, which was suitable for enforcement of judgment pursuant to CPLR 5221 and 5222, to *856 purportedly comply with CPLR 5241 and 5242. The purported execution sought 50% of the judgment debtor’s weekly after-tax income. The employees of the respondent refused to enforce the income execution, except in the amount of 10%, pursuant to CPLR 5231, and the respondent’s attorney returned the execution to the petitioner with the comment that the form as modified did not contain the information required by CPLR 5241, and that the judgment was not the type that may be the subject of an income execution pursuant to CPLR 5241. The respondent now opposes the relief requested on the foregoing ground, and on the additional ground that the petitioner’s papers do not include a verified petition in violation of CPLR 7804.
Initially, the court will treat the petition as if it had been properly brought.
Addressing the merits, an execution may be issued and served, pursuant to CPLR 5241, only if there exists an "order of support”. CPLR 5241 (a) (1) provides: "1. 'Order of support’ means any temporary or final order, judgment or decree in a matrimonial action or family court proceeding, or any foreign support order, judgment or decree, registered pursuant to section thirty-seven-a of the domestic relations law which directs the payment of alimony, maintenance, support or child support.” The judgment obtained by the plaintiff, however, does not direct payment; it states only an amount to which the plaintiff is entitled. Therefore, an execution may not be issued pursuant to CPLR 5241, based on that judgment.
The petitioner’s reliance on the order of Family Court, which directed that the plaintiff could enforce its order pursuant to CPLR 5241 and 5242, is understandable but misplaced. The respondent was not a party to the action which resulted in that order, and is not bound by it.
Moreover, even if a support order, as defined by CPLR 5241 (a) (1), existed, the proposed execution did not contain the statutorily required information. Specifically, the execution fails to give certain notices to the debtor as required by CPLR 5241 (c) (4) and (e).
Accordingly, the petition is denied. Any funds collected pursuant to this execution should be returned to the judgment debtor.